Day, J.
Two questions are presented: Are the facts stated in the petition sufficient to constitute a cause of action; and if so, is the action barred by the statute of limitations?
The case, in substance, is this: Gilman recovered a judgment against Nash and Neal, and it was certified therein that Neal was surety. To protect himself, Neal paid Gil-man the amount of the judgment, with the understanding that it should remain in force, and be assigned to him, and the assignment was made accordingly.
It is claimed that this transaction extinguished the judgment; and eases are not wanting to sustain that view of the case. But, however it may be as a technicality of law, it is settled in this state that it may be regarded as still subsisting in equity, and that a surety, who has paid a *489 judgment under such circumstances, may sustain an action “to be substituted in the judgment, in the place of the creditor, to enforce it against the principal, and, if dormant, to revive it also for that purpose. Neilson v. Fry, 16 Ohio St. 552; Dempsey v. Bush, 18 Ohio St. 376. The petition, then, makes a good cause of action.
Is the action barred by the statute of limitations? It appears that more than six and less than ten years elapsed, after the payment by the surety to the creditor, before the action was brought. By the code, actions on implied contracts are limited to six years, and actions for equitable relief to ten years. If the case falls under the former limitation it is barred, otherwise it is not. It is claimed that the surety’s equitable action, to be subrogated in the judgment in the place of the creditor, is subject to the limitation applicable to an action by him against the principal, upon his implied promise to refund money paid for his use, which, is six years; and this is claimed upon the .authority of Neilson v. Fry, supra.
But in that case, suit was brought by one of several co-sureties in a judgment, paid by him, against the other sureties, for contribution of their proportionate share of the amount paid, and to be subrogated to the rights of the creditor in the judgment. The action was essentially for the recovery of money upon an implied promise; and, inasmuch as the judgment had been satisfied, without any ground of equitable relief, other than the payment of the judgment, and such relief could not be invoked until facts were proved to warrant a recovery against the co-sureties upon the implied promise arising between them upon payment by one, it was held that the limitation of six years applied. This was mainly on tire ground that the action was for a recovery against the co-sureties on an implied promise, aud not merely for equitable relief against the creditor and principal debtor; and, as that was the nature of the action, the period of limitation was determined .by it.
But it was conceded in that case, “that an action merely *490 for subrogation, is an action for equitable relief, and falls under the limitation of ten years.” It was, moreover, admitted that “if the judgment had been kept alive, either by voluntary assignment of the creditor, or by a decree inequity against him, the case would have been wholly different.”
This is an action for equitable relief merely, and the judgment was “ kept alive,” so far as possible, by an agreement that it was not to be satisfied, but should remain in force, and it was assigned by the creditor to the surety.. No doubt it would have been kept alive had the assignment been to a trustee for the benefit of the surety. That, however, would have been a difference in form rather than in substance. In either case the surety would, in equity, have been the owner of the judgment; and, in either ease, the supposition of the extinguishment of the judgment, not its subsistence, would have been the “fiction.” Surely, the position of the principal, whose duty it is to pay his own debt, can derive no equitable aid because his surety holds-the assignment in his own name instead of that of a trustee.
But it is enough to know, that according to the settled, law of this state, the judgment was not so extinguished, in equity, as to prevent the surety from being subrogated to all the rights of the creditor in the judgment itself. This is all that is invoked. A judgment on a contract, expressed or implied, is not sought; nor is the relief sought based on. a contract as the ground of an original recovery, but it rests merely on the just right of the surety to a judgment already existing. The action is grounded on the equitable right of the surety, whether by assignment- of the creditor or by subrogation merely, to stand in the shoes of the creditor in the judgment against his principal, and in the place of the creditor, to enforce it against him. The action-is brought to assert this equitable ownership of the judgment, and, being dormant, to revive and enforce it in favor of the party justly entitled to it. The action, therefore, 'being- purely equitable in its character, and not seeking a> *491 recovery on an implied contract, is not controlled by the-limitation of six years.
Since then the action is not barred by the statute of limitations, and may be sustained without the aid of the act of March 19, 1868 (S. & S. 744), it becomes unnecessary to consider further the effect of that act in connection with this case. At most it is but a statutory remedy for what otherwise could be attained only by the civil action of the-code, in the nature of a proceeding in equity. The surety’s remedy of subrogation and revivor, by action, is barred in-ten years; whether any of the statutory periods of limitation apply to the remedy now afforded to the surety, by a. statutory revivor of a judgment in his favor against the-principal, is a question not involved in this case; for it may be regarded, as before stated, as a civil action, independent of the statute.
With these views of the case, we are constrained to hold that the Court of Common Pleas erred in sustaining the-demurrer to the petition. The judgment must therefore be reversed and the demurrer overruled; and, as the demurrant may desire to answer, the cause will be remanded to that court for further proceedings.